[Cite as *In re Guardianship of Liming*, 2015-Ohio-4451.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF FRANCES LIMING, INCOMPETENT | : | |
| | : | CASE NO. CA2015-04-009 |
| | : | O P I N I O N<br>10/26/2015 |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20152003

Rose & Dobyns Co., LPA, Blaise S. Underwood, 97 N. South Street, Wilmington, Ohio 45177, for appellant

Peelle Law Offices Co., LPA, Chaley Peelle Griffith, 1929 Rombach Avenue, P.O. Box 950, Wilmington, Ohio 45177, for appellee, Vance Allen III

**RINGLAND, J.**

{¶ 1} Appellant, Frances Liming, appeals from a judgment of the Clinton County Court of Common Pleas, Probate Division, appointing appellee, Vance Allen III, as guardian of her person. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On February 11, 2015, Allen filed an application for appointment of emergency guardian and an application for appointment of guardian of alleged incompetent for his mother, Liming. The trial court granted the emergency guardianship for a period of 72 hours.

Following a hearing on February 13, 2015, the emergency guardianship was extended for an additional 30 days. On that same date, the deputy clerk personally served Liming with written notice of the upcoming guardianship hearing to be held on March 11, 2015. At the March 11, 2015, hearing, the emergency guardianship was again extended an additional 30 days. Following a final hearing on April 1, 2015, Allen was appointed guardian of Liming's person.

{¶ 3} Liming appeals the trial court's decision, raising a single assignment of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PROPERLY PERFECT WRITTEN NOTICE UPON APPELLANT.

{¶ 6} R.C. 2111.04(A) governs the requirements for perfecting service in a guardianship proceeding, providing:

> (A) Except for an interim or emergency guardian appointed under division (B)(2) or (3) of section 2111.02 of the Revised Code, no guardian of the person, the estate, or both shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing, to be served as follows:
>
> * * *
>
> (2) In the appointment of the guardian of an incompetent, notice shall be served as follows:
>
> (a)(i) Upon the person for whom appointment is sought by personal service, by a probate court investigator, or in the manner provided in division (A)(2)(a)(ii) of this section.

{¶ 7} Liming concedes that she received notice of the hearing by personal service of the deputy clerk, but argues that the service was not perfected because it was not served by a probate court investigator.

{¶ 8} A reading of the statute reveals that service is not required to be made by a

probate court investigator.  The statute sets forth a list of independent means of perfecting service.  It is not a list of requirements which must *all* be met in order for service to be perfected.  Thus, service may be perfected either by personal service *or* by a probate court investigator.  It is not necessary that both methods be satisfied.

{¶ 9}   In light of the foregoing, having found that written notice of the guardianship hearing was perfect upon Liming by personal service in satisfaction of R.C. 2111.04(A)(2)(a)(i), Liming's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.